IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEVIN JACKSON, #3807114 | * |
| Plaintiff, | |
| v. | * CIVIL ACTION NO. RDB-13-2450 |
| WARDEN, RICK FOXWELL, *et al.* | * |
| Defendants. | |

*****

## MEMORANDUM OPINION

On August 21, 2013, Kevin Jackson ("Jackson"), a former detainee at the Baltimore City Detention Center ("BCDC") filed this 21-page 42 U.S.C. § 1983 Complaint seeking injunctive and declaratory relief, along with punitive and compensatory damages. Defendants, BCDC Warden Foxwell, Governor O'Malley, Former Secretary of Public Safety and Correctional Services Maynard, and Commissioner of Pre-Trial Services Ray, by their counsel, have filed a Motion to Dismiss for the Failure to State a Claim or, in the Alternative, Motion for Summary Judgment. ECF No. 28. Plaintiff has filed an Opposition and exhibits. ECF Nos. 31, 33, 35 & 36. No hearing is needed to resolve the issues presented. *See* Local Rule 106.5 (D. Md. 2011). For reasons to follow, Defendants' Motion to Dismiss IS GRANTED.

## BACKGROUND

In his original Complaint, Jackson raised a veritable laundry list of various conditions of confinement and access-to-court claims, *i.e.*, second hand smoke exposure, unreasonable strip searches, confiscation of legal materials, access to an adequate law library, sanitation, hygiene products, cleanliness of food, adequacy of toilet paper, inmate gang use of cell phones, and gang and detainee violence. ECF No. 1.

Jackson has filed numerous Supplemental and Amended Complaints which contain repetitive claims. He complains that: the BCDC intake process takes entirely too long; he was denied an inmate welfare kit and when provided same, the paper, envelopes, and stamps provided in the kit were inadequate; the Black Guerilla Family ("BGF") prison gang is controlling the prison and its illegal activities are allowed to occur through the complicity of correctional officers; detainees are not provided ice when the prison temperature is high; detainees are denied adequate exercise; he had no access to the BCDC Inmate Handbook; the administrative remedy process takes a lengthy period of time; a contract hit was placed on his life by the BGF and he was assaulted by BGF members; he was subject to an illegal strip search; there is no legal law library at BCDC; and on an unspecified date, unidentified officers refused to allow him the opportunity to obtain his eye drop medication. *See* ECF Nos. 6, 9, 11, 14. 19-21, & 24-25.

Jackson has filed another "Amended and Supplemental Complaint," which has been construed as a Motion for Leave to Amend and Supplement. ECF No. 26. An additional Supplemental Complaint was filed. ECF No. 30 Jackson may not amend or supplement his Complaint in perpetuity. *See* Fed. R. Civ. P. 15. Leave to further amend or supplement his Complaint shall be denied.

The Court further observes that Jackson filed another Motion for Appointment of Counsel. ECF No. 27. He claims that he cannot afford counsel, his imprisonment will greatly limit his ability to litigate the case, the issues are complex and require significant research and investigation, he has limited access to the law library, a trial would involve conflicting testimony and complex issues, and he has unsuccessfully attempted to obtain counsel. *Id.*

2

Unlike in criminal cases, there is no constitutional right to counsel in civil cases. Moreover, although 28 U.S.C. § 1915(e)(1) permits a court to request an attorney to represent an indigent litigant, it "does not authorize the federal courts to make coercive appointments of counsel." *Mallard v. U.S. District Court for the S. Dist. of Iowa*, 490 U.S. 296, 309–10 (1989). A district court need not request an attorney's assistance pursuant to § 1915(e)(1) unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) abrogated on other grounds by *Mallard*, 490 U.S. at 298.

This case, which alleges unconstitutional conditions of confinement, denial of access to courts, and illegal prison gang activity involving officers and inmates, presents no exceptional circumstances warranting a request for representation pursuant to § 1915(e)(1). Jackson, who has capably filed his self-represented Complaint and Amended and Supplemental filings, has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. Therefore, the Motion for Appointment of Counsel shall be denied.

## STANDARD OF REVIEW

**I.  Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the Court must "accept the well-pled allegations of the complaint as true," and "construe the facts and

reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a Court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). Second, a Complaint must be dismissed if it does not allege a "plausible" claim for relief. *Id.* at 678–79 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## ANALYSIS

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A suit under § 1983 allows "a party who has been deprived of a federal right under the

4

color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a Plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Plaintiff's Allegations**

This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party, *see Scott v. Harris*, 550 U.S. 372, 378 (2007); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and liberally construes Plaintiff's pleadings in light of the fact that he is self-represented. *See Gordon v. Leek*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Jackson was permitted to raise a myriad of claims. Defendants argue that his original, supplemental and amended claims are subject to dismissal. Chief among their arguments is that Jackson: (1) has failed to show that he has sustained any physical or emotional injury resulting from the alleged deprivations; (2) has failed to exhaust his administrative remedies under the BCDC's "Adult Resident Grievance Procedure" ("ARGP") policy; and (3) has failed to set out factual allegations linking the Defendant Executives and Administrators with alleged constitutional conduct taken against him.

In his Opposition, Jackson seemingly claims that Defendants' personal involvement in his claims is attributable to the fact that the allegations were the subject of federal litigation originating in 1994. ECF No. 31. He further contends that he was not permitted to exhaust his remedies because his grievances were not responded to within the required 20 days under the

ARGP. He contends that it took anywhere from 40 days to four months to respond to his grievances.

Defendants argue that Plaintiff's claims are barred due to his failure to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by Defendant(s). *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

Plaintiff's claims fall under the exhaustion prerequisites of § 1997e(a), and must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp. 2d 523, 528 (D. Md. 2003). Jackson did not exhaust administrative remedies. Even, however, were this Court to find that his non-exhaustion was excused due to the alleged

Even, however, were this Court to find that his non-exhaustion was excused due to the alleged dilatory practices of BCDC staff, Jackson has failed to state a claim against Defendants.

Under the Prison Litigation Reform Act (42 U.S.C. §1997e(e)), a physical injury requirement is coextensive with the physical injury test. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997); *see also Jones v. Price*, 696 F. Supp.2d 618, 624 (N.D. W. Va. 2010) (no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury). It is the nature of the relief sought, however, and not the underlying substantive violation that controls this limitation on recovery in § 1997e(e).

Insofar as Jackson seeks compensatory and punitive damages, he has failed to show real and actual physical injuries resulting from the alleged deprivations. Therefore, he does not satisfy 42 U.S.C. §1997e(e) physical injury requirements. He does, however, allege that on an unspecified date in December of 2013, he was assaulted by BGF members and sustained an injury. ECF No. 24. This failure-to-protect contention will be dismissed without prejudice to allow Jackson to re-file the claim to provide specific factual allegations regarding when and where the incident occurred and how named Defendants were personally implicated in his claims.

Finally the Court again observes that Jackson has named Governor O'Malley, BCDC Warden Foxwell, Former Secretary Maynard, and Commissioner Ray as Defendants. Nowhere has he demonstrated their personal involvement in the alleged deprivations. There are no allegations that they were personally involved in the day-to-day conditions or care received at BCDC and Jackson has provided no evidence demonstrating supervisory liability on their part.

*See Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994). The existence of previous federal litigation regarding the conditions of BCDC, *i.e., Duvall v. Hughes*, Civil Action No. ELH-94-2541 (D. Md.), is insufficient to impute liability on the named Defendants with regard to Jackson's personal claims.[1]

## CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss will be granted. A separate Order follows dismissing this Complaint. Plaintiff's failure to protect claim is dismissed without prejudice.

Date: July 16, 2014

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). The "case-or-controversy" requirement subsists through all stages of federal judicial proceedings, both trial and appellate. *Id.* Thus, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 117 S.Ct. 1055, 1068 (1997) (internal quotation marks and citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (alterations in original). Where injunctive relief is requested in an inmate's Complaint, it is possible for events occurring subsequent to the filing of the Complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248-49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). Jackson's request for injunctive relief was mooted by his transfer out of BCDC.